PER CURIAM.
The appellants were the respondents in the circuit court to a petition by the appel-lee to revoke the probate of a contested will and for probate of a prior will. The cause was tried before the circuit judge and extensive testimony was taken. At the conclusion of the trial, the circuit judge entered a full opinion in which he set out all the relevant facts, and held:
“Although the evidence tends to support the contestant’s contention that the decedent was incompetent to make her new will, its weight is not sufficient to sustain a finding of incompetency at the time she executed her new will on November 4, 1976. In this connection, the attorney who drafted the decedent’s new will, and in whose presence she executed it in the nursing home, testified that in his judgment the decedent was competent to make a will. The other witness, the attorney’s legal secretary, also testified that she felt decedent was competent to make a will.
“However, although the evidence is not sufficient to sustain a finding of incompetency at the time decedent executed her *997 new will on November 4, 1976, the evidence amply shows that said will is invalid by reason of undue influence by the proponents.”
On this appeal, the appellants have presented three points, all of which depend for reversal upon a holding by this court that the evidence was either insufficient to establish undue influence or that the trial court misconceived the force and legal effect of the evidence.
It is unnecessary for us to set out in this opinion the lengthy findings of fact made by the trial judge. It is sufficient that we have reviewed the record in the light of the trial judge’s findings and appellants’ objections thereto, and have found that there is sufficient, competent evidence to sustain the judgment. See In Re Auerbacher’s Estate, 41 So.2d 659 (Fla.1949).
Affirmed.